UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Ma'nyjh O'Quin,<br><br>            Plaintiff<br><br>v.<br><br>Ascenda USA, Inc. (d/b/a 24-7 Intouch),<br><br>            Defendant | Case No. 2:25-cv-00324-CDS-BNW<br><br>**Order Denying Defendant's Motion to Consolidate, Plaintiff's Motion to Strike as Moot, and Defendant's Motion to Extend Time as Moot**<br><br>[ECF Nos. 13, 17, 18] |

Defendant Ascenda USA, Inc. (d/b/a and a/k/a 24-7 Intouch), moves to consolidate this action into *Pearson v. IntouchCX Solutions, Inc.*, Case No. 2:23-cv-01888-APG-MDC. Consol. mot., ECF No. 13. The defendant also requests an extension of time to answer plaintiff Ma'nyjh O'Quin's first amended complaint (FAC) by thirty days after the court resolves the motion to consolidate. O'Quin opposes the motion and incorporates a countermotion to strike the motion to extend time. Resp., ECF Nos. 16, 17.[1] Ascenda opposes the motion to strike. Opp'n, ECF No. 20. All motions are now fully briefed. Reply, ECF No. 19. For the reasons set forth herein, I deny the motion to consolidate, and I deny as moot both the motion to extend time to file an answer and the motion to strike.[2]

I.      **Legal standard**

Federal Rule of Civil Procedure 42 governs the consolidation of cases and permits the court to consolidate cases that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Consolidation permits district courts "to expedite the trial and eliminate unnecessary repetition and confusion." *Dupont v. S. Pac. Co.*, 366 F.2d 193, 195 (5th Cir. 1966); *see Wilson v. Johns-Manville Sales Corp.*, 107 F.R.D. 250, 252 (S.D. Tex. 1985) (noting that the purpose of consolidation is to allow district courts "to manage their dockets efficiently while providing justice to the parties").

---

[1] In accordance with the Local Rules, these are duplicate filings, so for ease I only cite to ECF No. 17.
[2] I deny the motion to extend time as moot because the defendant filed an amended answer to the complaint on December 3, 2025. ECF No. 22. So the motion to strike is also rendered moot.

"The district courts have broad discretion under this rule to consolidate cases pending in the same district." *Investors Rsch. Co. v. U.S. Dist. Court for Cent. Dist.*, 877 F.2d 777, 777 (9th Cir. 1989). In determining whether to consolidate cases, the court should "weigh the interest of judicial convenience against the potential for delay, confusion[,] and prejudice." *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010); *see also Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). "The party seeking consolidation bears the burden of demonstrating that convenience and judicial economy would result from consolidation." *Miller v. Ventro Corp.*, 2001 WL 34497752, at *3 (N.D. Cal. Nov. 28, 2001).

## II.   Discussion

Ascenda moves for consolidation, arguing that this action is "substantively identical to the pending putative class and collective action in *Pearson v. IntouchCX Solutions, Inc.*" ECF No. 13 at 2.[3] O'Quin opposes the motion, arguing that it should be denied given that the *Pearson* action has been pending for approximately two years, and that Ascenda overrepresents the similarities between the two cases. *See* ECF No. 17. O'Quin does not dispute that, like the *Pearson* plaintiff, the FAC alleges IntouchCX's customer service representatives (CSRs) used IntouchCX's internet-based time-keeping software to clock-in and record their work hours, yet the defendant failed to pay CSRs for "Pre-Shift Activities."[4] *See id.* at 10. But O'Quin argues that that is where the similarities end, averring that the defendant failed to address any "common questions of law or fact" in detail as required by Local Rule 42-1(b), and that *Pearson* names different defendants and involves unrelated claims. Specifically, O'Quin argues that the claims in *Pearson* are unrelated to the claims of unpaid training time and overtime, altered regular time and overtime, and bonus pay overtime brought here. *Id.* at 10–11. O'Quin also refutes the defendant's argument that these additional claims are "intertwined" with the Pre-Shift Activities claims. *Id.*

---

[3] The defendant in the *Pearson* action filed a similar motion to consolidate in that action which was denied. *See* ECF No. 89 in *Pearson v. IntouchCX Solutions, Inc.*, 2:23-cv-01888-APG-MDC.

[4] Examples of Pre-Shift Activities include booting up computers, logging in, and other setup and connectivity procedures. *See* FAC, ECF No. 8 at 7–8.

2

at 12. O'Quin argues that, unlike *Pearson*, this case does not seek unpaid minimum wages, but rather "waiting time wages." *Id.* at 12–13. Finally, O'Quin asserts that the state law claims here go back four years, not three like those in *Pearson*, and that this action brings three individual claims. *Id.* at 13–14.

In reply, Ascenda argues that the O'Quin has not shown differences in law or fact that would justify maintaining two actions. *See.* ECF No. 19. Ascenda maintains that O'Quin's individual claims are intertwined with *Pearson*'s class and collective claims, and further avers that the difference in named defendants is due to a misunderstanding of the business's corporate structure. *Id.* at 5–6. Last, Ascenda argues that consolidation would not prevent O'Quin from pursuing her individual claims. *Id.* at 8–9.

As a threshold matter, it is long established that the party seeking consolidation bears the burden of proving it is appropriate. *See Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007). Thus, the defendant's attempt to shift the burden demonstrating consolidation is appropriate to plaintiff fails. Second, as my colleague already appropriately determined, there are only two similar claims between the two cases: "unpaid boot time (setting up computers) and unpaid tech time (if there were technical issues they had to sit at their computers and wait for the issue to be resolved but were not paid for this time)." *See* ECF No. 89 in *Pearson v. IntouchCX Solutions, Inc.*, 2:23-cv-01888-APG-MDC. Certainly, these claims demonstrate there is some overlap between the two cases with militates in favor of consolidation. But that overlap is not so great as to outweigh the fact that *Pearson* has been pending two years longer than this one, that the actions name different defendants, and that this case brings several additional claims (individual and otherwise) that have no overlap with the other case. Stated otherwise, judicial economy would not be served by consolidation. So the defendant's motion is denied.

### III. Conclusion

IT IS THEREFORE ORDERED that the defendant's motion to consolidate [ECF No. 13] is DENIED.

IT IS FURTHER ORDERED that the plaintiff's countermotion to strike [ECF No. 17] is DENIED as moot.

IT IS FURTHER ORDERED that the defendant's motion to extend time to file an answer to the amended complaint [ECF No. 18] is DENIED as moot.

Dated: January 6, 2026

_____
Cristina D. Silva
United States District Judge